UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JONATHAN HOEPPNER and
ANDREW TRAVIS CARTER

      Plaintiffs,

v.                                    Case No.

**TADLOCK ROOFING, INC.,**

      Defendant.
_____/

## COMPLAINT

Plaintiffs, Jonathan Hoeppner and Andrew Travis Carter sue Tadlock Roofing, Inc. ("Tadlock") and allege.

1. This is an action for unpaid overtime and other relief under Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

### Jurisdiction and Venue

2. This Court has original jurisdiction of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper in this Court. Tadlock has its principal office in and does business throughout this judicial district and division and a substantial part of

the events or omissions giving rise to the Plaintiffs' claims occurred in this judicial district and division.

## Parties

4. Tadlock is a Florida for-profit corporation doing business throughout Florida, including this division and district, and may be served through its registered agent CT Corporation System, 1200 South Pine Island Road, Plantation, FL.

5. Tadlock's gross annual revenue has been in excess of $500,000.00 at all relevant times.

6. At all relevant times, Tadlock is and has been an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d).

7. Each Plaintiff is an adult resident of the State of Florida and has been employed by Tadlock as a roofing crew leader and/or roofer by Tadlock (or similar title) at times during the three (3) years prior to the filing of this Complaint.

8. Plaintiffs are "employees" of Tadlock within the meaning of the FLSA.

## Factual Allegations

9. At all times relevant herein, Tadlock maintained a willful scheme to deprive Plaintiffs of overtime compensation in violation of the FLSA.

10. Plaintiffs were employed by Tadlock as roofing crew leaders and/or roofers installing roofing and other related materials. Their primary job duty was non-exempt work.

11. Plaintiff were paid on what Tadlock has characterized as a "piece-work" basis and were classified by Tadlock as "non-exempt" under the FLSA.

12. Plaintiffs were entitled to be paid overtime for all hours they worked in excess of forty (40) hours in a work-week during the applicable limitations period of this case.

13. Plaintiffs regularly worked in excess of forty (40) hours in a work week and were not paid overtime.

14. Tadlock suffered and permitted Plaintiffs to work more than forty (40) hours per week without overtime pay.

15. Tadlock has been aware, or should have been aware, that Plaintiffs performed non-exempt work that required payment of overtime compensation. Tadlock also required Plaintiffs to work long hours and on weekends, including overtime hours, to complete all their job responsibilities.

16. Although they had a legal obligation to do so, Tadlock did not make, keep, or preserve adequate or accurate records of the hours worked by Plaintiffs.

## Violations of the Fair Labor Standards Act
## Failure to Pay Overtime

17. Plaintiffs restate and incorporate by reference the above paragraphs as if fully set forth herein.

18. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

19. Tadlock suffered and permitted Plaintiffs to work more than forty (40) hours per week during weeks within the statutory period without paying them overtime compensation.

20. Tadlock's actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiffs the required overtime pay.

21. As the direct and proximate result of Tadlock's unlawful conduct, Plaintiffs have suffered a loss of income in the form of overtime compensation to which they were legally entitled.

22. Plaintiffs are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

23. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs, Tadlock has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other

conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

24. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Tadlock knew, or showed reckless disregard, of the fact that its compensation practices were in violation of these laws.

## Prayer for Relief

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. A finding that Tadlock has violated the FLSA;

B. A finding that Tadlock's violations of the FLSA were willful;

C. Judgment against Tadlock in the amount of Plaintiffs' unpaid overtime wages at the applicable overtime rates and in an additional and equal amount as liquidated/statutory damages under 29 U.S.C. § 216(b);

D. Judgment against Tadlock awarding Plaintiffs all reasonable costs and attorneys' fees pursuant to 29 U.S.C. § 216(b);

E. Judgment against Tadlock awarding prejudgment interest (to the extent liquidated damages are not awarded) and post-judgment interest as provided by law; and

F. All further relief as the Court deems just and equitable.

s/Sean Culliton
SEAN CULLITON
Fla. Bar No. 0986232
Sean Culliton, Esq., LLC
285 Pinewood Drive
Tallahassee, FL 32303
(850) 385-9455
(813) 441-1999 (fax)
Sean@seancullitonlaw.com

s/John C. Davis
JOHN C. DAVIS
Fla. Bar No. 0827770
Law Office of John C. Davis
623 Beard Street
Tallahassee, FL, 32303
(850) 222-4770
(850) 222-3119 (fax)
john@johndavislaw.net

Attorneys for Plaintiffs