UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JONATHAN HOEPPNER and
ANDREW TRAVIS CARTER

      Plaintiffs,

v.                                  Case No. 4:20-cv-525-MW-MAF

TADLOCK ROOFING, INC.,

      Defendant.
_____/

**CONSENTED MOTION FOR ORDER APPROVING OF
SETTLEMENT AND SUPPORTING MEMORANDUM**

Plaintiffs, Jonathan Hoeppner and Andrew Travis Carter, with the consent of Defendant, request that this Court approve the Parties' Joint Stipulations of Settlement to which they have agreed. The Stipulation between Hoeppner and the Defendant is attached hereto as Exhibits A and the Stipulation between Carter and the Defendant is attached as Exhibit B. Because Plaintiffs' claims arise under the Fair Labor Standards Act of 1938, as amended ("FLSA"), the Parties' Joint Stipulations are subject to the approval of this Court.

I.    **Motion and Memorandum of Law**

While a supporting memorandum of Law is not required in order to file an unopposed or joint motion pursuant to N. D. Fla. Loc. R. 7.1 (G), counsel for the Parties have included this brief memo to address any questions that the Court might have regarding the settlement and provide the Court with a brief review of the procedural and factual history of this case.

As the Court is aware, pursuant to the case law applicable to the settlement of FLSA claims, there are two ways in which claims under the FLSA can be resolved and released by employees.  First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982).  Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Id*.; see also *Sculte, Inc. v. Gandi,*

328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); <u>Jarrad v. Southeastern Shipbuilding Corp.,</u> 163 F.2d 960, 961 (5th Cir. 1947). In cases such as this one where the Plaintiffs are former employees, the Eleventh Circuit has instructed that the <u>Lynn's Food</u> analysis should still be applied. <u>Nall v. Mal-Motels, Inc</u>., 723 F. 3d 1304, 1306 (11th Cir. 2013).

In detailing the circumstances justifying court approval of an FLSA settlement, the Eleventh Circuit has found, in relevant part:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

<u>Lynn's Food Stores</u>, 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlements to resolve and release all of the Plaintiffs' FLSA claims against the Defendant. The proposed settlements arises out of an action brought by the Plaintiffs which was adversarial in nature. During the litigation and settlement negotiations of this action,

3

Plaintiffs were represented by experienced counsel. The settlement amounts encompasses the total amount Defendant believes Plaintiffs could hope to achieve, along with an amount representing liquidated damages, plus attorney's fees.

The Parties agree that the instant action involves disputed issues, including, among others, whether the Plaintiffs worked overtime, whether the Defendant's actions were in good faith under 29 U.S.C. § 260, and whether the Defendant's actions were willful under 29 U.S.C. § 255. The Defendant also raised defenses based on the Plaintiffs' being in supervisory positions. The Parties further agree that the settlements negotiated and reached by the Parties reflect a reasonable compromise of the disputed issues. Plaintiffs and their counsel discussed the Plaintiffs' alleged hours worked and pay rate and formulated his own proposed settlement figures. The Parties then engaged in settlement discussions, based upon their independent calculations. The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. All parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

The Plaintiffs' claims were previously part of the case of *Thrash et al. v. Tadlock Roofing, Inc.*, Case No. 4:19-cv-00038-MW-MJF (N.D. Fla.)

from which they were dismissed. The settlement amounts in this case are commensurate with the settlement amounts paid to the Plaintiffs' in the *Thrash* case which the Court has previously approved as fair and reasonable. *Thrash et al. v. Tadlock Roofing, Inc.*, Case No. 4:19-cv-00038-MW-MJF (N.D. Fla. Order of Nov. 11, 2020). The amounts of the current settlements are greater than all of the settlement amounts in the *Thrash* case; but downward adjustments were made in some of the variables to determine the damages for Carter and Hoeppner based on defenses asserted by Defendant.

As regards the Plaintiffs' attorney fee, "[w]here the attorney's fee was agreed upon separately, without regard to the amount paid to the plaintiff, then 'unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.'" *Davis v. The Filta Group, Inc.*, 2010 WL 3958701, *2 (M.D. Fla. Sept. 20, 2010) (quoting *Bonetti v. Embarq Mgmt. Co*., 2009 WL 2371407, *5 (M.D. Fla. Aug. 4, 2009)).

Here, the Court need not review the issue of whether the attorney's fees sought by Plaintiffs' counsel is reasonable, as the attorney's fees were independently negotiated separate from the amounts to be paid to the

5

Plaintiffs and, thus, there is no reason to believe the Plaintiffs' recovery was adversely affected by the fees to be paid to Plaintiffs' counsel. Furthermore, the Parties have stipulated to the reasonableness of the fees. As noted in the attached Joint Stipulations, the Plaintiffs' claims were previously part of the *Thrash* case and the attorney's fees, costs and expenses paid under the Joint Stipulation include the pro-rata amount of the attorney's fees costs and expenses allocable to Plaintiffs' claims in that action as well as the attorney's fees, costs and expenses associated with this action. The attorney's fees in the *Thrash* case have been settled by the parties and approval of that settlement is sought simultaneously with this approval.

## II. Conclusion

The Parties respectfully request that this Court approve the attached Stipulations of Settlement and dismiss any and all pending claims between the Parties with prejudice.

/s/ Sean Culliton
Sean Culliton
Fla. Bar. No. 0986232
Sean Culliton, Esq., LLC
285 Pinewood Drive
Tallahassee, FL 32303
(850)385-9455
(813)441-1999 (fax)
Sean@seancullitonlaw.com

>*/s/ John C. Davis*
>John C. Davis
>Fla. Bar. No. 827770
>623 Beard Street
>Tallahassee, FL 32303
>(850) 222-4770
>(850) 222-3119 (fax)
>john@johndavislaw.net
>
>Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 2, 2021, the foregoing has been electronically filed using the CM/ECF system which will send notice of this filing to all counsel of record.

>s/John C. Davis
>JOHN C. DAVIS