# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JONATHAN HOEPPNER and**
**ANDREW TRAVIS CARTER**

       **Plaintiffs,**

**v.**                               **Case No. 4:20-cv-525-MW-MAF**

**TADLOCK ROOFING, INC.,**

       **Defendant.**

_____/

## JOINT STIPULATION OF SETTLEMENT

This Joint Stipulation of Settlement ("Joint Stipulation" or "Agreement") was made and entered into by Jonathan Hoeppner ("Plaintiff") and Tadlock Roofing, Inc., and is conditioned upon the Court's approval.

1.   <u>DEFINITIONS</u>

The following terms, when used in this Joint Stipulation, have the meanings set forth below.

(a)   "Plaintiff's Counsel" means the Law Office of John C. Davis and Sean Culliton, Esq., LLC.

(b)   "Defendant's Counsel" or "Defense Counsel" means Cotney Construction Law, LLP.

(c)     "Court" means the United States District Court for the Northern District of Florida, Tallahassee Division.

(d)     "Parties" means the Plaintiff and Defendant collectively and, separately, each a "Party."

(e)     "Released Parties" means Defendant and its former and present parents, subsidiaries, and affiliated corporations and their respective officers, directors, shareholders, employees, and agents, and any other successors, assigns, or legal representatives.

(f)     "Settlement" shall mean the resolution of this action as effectuated by the Joint Stipulation.

2.     THIS JOINT STIPULATION IS CONTINGENT ON COURT APPROVAL

If, for any reason, the terms of this Joint Stipulation are not approved by the Court in substantially the form agreed by the Parties, this Joint Stipulation will be void and shall have no force or effect. Whether the Joint Stipulation is approved by the Court, neither the Joint Stipulation nor any document, statement, proceeding, or conduct related to this Joint Stipulation, nor any reports or accounts thereof, shall in any event be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to any Party. Pending Court approval, this action is stayed, and the Parties shall not further pursue or otherwise litigate the claims or defenses asserted therein.

Ex. A - Joint Stipulation:  Hoeppner

3.  <u>STATEMENT OF NO ADMISSION</u>

(a)    Although the Parties do not abandon the positions they took in this action, they believe that continued litigation would be expensive, uncertain, and contrary to their best interests. In light of these realities, the Parties believe that this Joint Stipulation is fair, reasonable, and the best way to resolve the disputes between and among them.

(b)    Defendant denies all claims as to liability, wrongdoing, damages, penalties, interest, fees, injunctive relief and all other forms of relief, as well as all factual allegations asserted in this action. Defendant has agreed to resolve this action via this Joint Stipulation, but to the extent this Joint Stipulation is deemed void, Defendant does not waive, but rather expressly reserves, all rights to challenge any and all claims and allegations asserted by the Plaintiff should this action proceed, upon all procedural and substantive grounds, including without all potential defenses or privileges (the "Rights").

(c)    Plaintiff and Plaintiff's Counsel agree that Defendant retains and reserves the Rights, and they agree not to take a position to the contrary. Specifically, Plaintiff and Plaintiff's Counsel agree that, if this action does proceed, they will not argue or present any argument, and hereby waive any argument that, based on this settlement or this Joint Stipulation, or any act performed or document executed

3

pursuant to or in furtherance of this settlement or this Joint Stipulation, Defendant should be barred from asserting any and all potential defenses and privileges.

(d)     Neither this Joint Stipulation, nor the settlement, nor any document, statement, or proceeding or conduct related to this Joint Stipulation, nor any reports or accounts thereof, shall in any event be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Released Parties, including any evidence of a presumption, concession, indication or admission by the Released Parties of any liability, fault, wrongdoing, omission, concession, or damage.  Nor shall this Agreement be disclosed, referred to, offered or received in evidence against the Released Parties in any further proceeding in this action, or in any other civil, criminal, or administrative action or proceeding except for the purposes of settling this Action or enforcing the settlement of this Action.

4.     <u>MONETARY TERMS OF SETTLEMENT</u>

(a)     To settle this Action, and as consideration for the release of claims from Plaintiff, dismissal of this action, and the other good and valuable consideration described herein that the Plaintiff is providing to the Released Parties, Defendant agrees to pay the sum of TEN THOUSAND DOLLARS AND ZERO CENTS ($10,000.00) to Plaintiff.

(b)     Subject to Court approval:

Ex. A - Joint Stipulation:  Hoeppner

(i)     The Plaintiff shall receive a gross payment in the amount reflected immediately above in subsection (a).  Such payments shall be paid as follows: (a) one half of the settlement amount payable to the Plaintiff shall be paid and reported as wages for tax purposes on an IRS Form W-2 ("Wage Settlement"), subject to all lawful and applicable tax withholdings or deductions; and (b) one half of the settlement amount payable to the Plaintiff shall be considered as a settlement of such individual's claim for liquidated damages and shall be paid and reported on an IRS Form 1099 MISC under "Other Income."

The Defendant shall deduct and pay all employer tax withholdings and payments, as provided for in Section 3402(a)(1) of the Internal Revenue Code, on the Wage Settlement.

(ii)     Defendant shall deliver the checks for all such payments to Plaintiff's Counsel within forty-five (45) days after the date of the Court's order approving this Agreement.

(c)     Separate from the payments described in Sections 4(a) and 4(b) above, and subject to Court approval, Defendant shall pay to Plaintiff's Counsel the sum of TWENTY-THREE THOUSAND SEVENTY-FOUR DOLLARS AND NINETY-SEVEN CENTS ($23,074.97) for Plaintiff's Counsel's reasonable attorney fees, costs and expenses in this action.    The parties acknowledge that this amount

Ex. A - Joint Stipulation:  Hoeppner

includes a pro-rata amount of the attorney's fees costs and expenses allocable to Plaintiff's claims in the action captioned *Thrash et al. v. Tadlock Roofing, Inc.*, Case No. 4:19-cv-38-MW-MJF (N.D.Fla.), from which Plaintiff's claims were dismissed. A significant amount of legal work was performed in the *Thrash* case which is also relevant to this matter. A Motion for Approval of Plaintiffs' Fees and Costs in the *Thrash* case shall be filed forthwith. Defendant shall deliver the payment of attorney fees, cost and expenses to Plaintiff's counsel within forty-five (45) days after the date of the Court's order approving this Agreement.

(d) None of the amounts paid to the Plaintiff shall create any credit for, or be included in, or otherwise affect or alter the calculation or accrual of any employee benefit plans, programs, agreements or policies supplied, sponsored, maintained, contributed or otherwise provided by Defendant, including for purposes of any incentive plan.

5.  <u>RELEASE OF CLAIMS</u>

In exchange for their Settlement Payments, the Plaintiff shall be deemed to have released and discharged the Released Parties from all claims or causes of action arising at any time up to and including the date of this Agreement for unpaid overtime wages that were or could have been asserted in this Action, or that arise out of facts asserted in this Action, including without limitation claims for unpaid overtime wages, and including but not limited to claims under the Fair Labor

Ex. A - Joint Stipulation:  Hoeppner

Standards Act, any other federal wage payment law, and the state law, local law, or common laws of Florida, including the Florida State Constitution, as well as any related claims for liquidated damages, penalties, attorneys' fees and costs, expenses, interest, or other damages available under those laws.

6.    SETTLEMENT TIMELINE

The Parties agree to follow the following timeline for the completion of the Settlement and dismissal of this action:

(a)    Settlement Approval: Plaintiff shall file a Joint Motion for Approval of Settlement in this action as soon as practicable following Defendant's providing consent to such motion(s), and within the deadlines established by the Court for the filing of such motion(s).

(b)    Dismissal of the Action: The Parties shall file a stipulation of dismissal of this Action, with prejudice, within ten (10) days of the order approving this settlement.

7.    MUTUAL FULL COOPERATION

The Parties agree that they will fully cooperate with each other to effectuate and implement all terms and conditions of this Joint Stipulation, and exercise good-faith efforts to accomplish the terms and conditions of this Joint Stipulation.

8.    CONSTRUCTION

The terms and conditions of this Joint Stipulation are the result of lengthy, intensive, arm's-length negotiations between the Parties. Accordingly, this Joint

Stipulation is not to be construed in favor of or against any Party by reason of the extent to which any Party or its counsel participated in the drafting of the Joint Stipulation.

9.    INTEGRATION

This Joint Stipulation contains the entire agreement between the Parties relating to the Settlement, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged herein. There are no undisclosed side agreements between the Parties or their counsel. No rights hereunder may be waived except in writing.

10.    BINDING ON SUCCESSORS AND ASSIGNS

This Joint Stipulation shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

11.    MODIFICATION

This Joint Stipulation may not be changed, altered, or modified, except in a writing signed by the Parties and, if the Joint Stipulation is to be modified at any time after the Settlement has been approved by the Court, then any such modification must likewise be approved by the Court.  This Joint Stipulation may not be discharged except by performance with its terms or by a writing signed by the Parties and approved by the Court.

12. <u>APPLICABLE LAW</u>

The terms of this Joint Stipulation shall be governed by and construed in accordance with Florida law without regard to its choice of law provisions.

13. <u>THIS SETTLEMENT IS FAIR, ADEQUATE AND REASONABLE</u>

The Parties warrant and represent they have conducted a thorough investigation of the facts and allegations in this Action and have diligently pursued an investigation of the claims alleged in this Action. The Parties further represent and warrant that they believe this Settlement is a fair and reasonable resolution of this Action and that they have arrived at this Settlement in arm's-length negotiations, taking into account all relevant factors, present and potential. This Settlement was reached after extensive negotiations.

14. <u>RETENTION OF JURISDICTION</u>

The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Joint Stipulation and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the Settlement embodied in this Joint Stipulation and all orders and judgments entered in connection therewith.

15. <u>COUNTERPARTS</u>

Ex. A - Joint Stipulation: Hoeppner

This Joint Stipulation may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Joint Stipulation, which shall be binding upon and effective as to all Parties. Electronic signatures compliant with the ESIGN Act and signatures transmitted by fax or .pdf shall have the same effect as an original ink signature.

16.   <u>PARTIES' AUTHORITY</u>

The signatories hereto represent that they are fully authorized to enter into this Joint Stipulation and bind the respective Parties to its terms and conditions.

**I HAVE READ THIS RELEASE AND THE JOINT STIPULATION CAREFULLY AND HAVE BEEN AFFORDED THE OPPORTUNITY TO DISCUSS THEM WITH COUNSEL OF MY CHOOSING.  I UNDERSTAND THAT THIS RELEASE AFFECTS MY LEGAL RIGHTS.  I SIGN THIS RELEASE KNOWINGLY AND VOLUNTARILY.**

By:   _____   Dated:  **Jan 26, 2021**
      Jonathan Hoeppner (Jan 26, 2021 14:48 EST)
      **Plaintiff Jonathan Hoeppner**

By:   _____   Dated:  _____
      Tadlock Roofing, Inc.,
      f/k/a Dale Tadlock Roofing, Inc.

Its:  _____

APPROVED AS TO FORM:

Ex. A - Joint Stipulation:  Hoeppner

This Joint Stipulation may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Joint Stipulation, which shall be binding upon and effective as to all Parties. Electronic signatures compliant with the ESIGN Act and signatures transmitted by fax or .pdf shall have the same effect as an original ink signature.

16.   PARTIES' AUTHORITY

The signatories hereto represent that they are fully authorized to enter into this Joint Stipulation and bind the respective Parties to its terms and conditions.

**I HAVE READ THIS RELEASE AND THE JOINT STIPULATION CAREFULLY AND HAVE BEEN AFFORDED THE OPPORTUNITY TO DISCUSS THEM WITH COUNSEL OF MY CHOOSING. I UNDERSTAND THAT THIS RELEASE AFFECTS MY LEGAL RIGHTS. I SIGN THIS RELEASE KNOWINGLY AND VOLUNTARILY.**

By: _____     Dated: _____
     Plaintiff Jonathan Hoeppner

By: _____     Dated:    2/2/21
     Tadlock Roofing, Inc.,
     f/k/a Dale Tadlock Roofing, Inc.

Its: _____

APPROVED AS TO FORM:

10

Ex. A - Joint Stipulation:  Hoeppner

By: _____    Dated: 2/2/21
John C. Davis, Esq.
Plaintiff's Counsel

By: _____    Dated: 2-2-21
Sean Culliton, Esq.
Plaintiff's Counsel

By: _____    Dated: _____
Benjamin S. Briggs, Esq.
Defendant's Counsel

11

Ex. A - Joint Stipulation:  Hoeppner

By: _____    Dated: _____
    John C. Davis, Esq.
    Plaintiff's Counsel

By: _____    Dated: _____
    Sean Culliton, Esq.
    Plaintiff's Counsel

By: _____    Dated: 2/02/21 _____
    Benjamin S. Briggs, Esq.
    Defendant's Counsel

11

Ex. A - Joint Stipulation:  Hoeppner